## Richmond

JAMES C. HAMMER v. COMMONWEALTH OF VIRGINIA.

June 13, 1966.

Record No. 6157.

Present, All the Justices.

*Harry J. Kostel* and *Herbert H. Bateman* (*Jones, Blechman, Woltz & Kelly,* on brief), for the plaintiff in error.

*D. Gardiner Tyler, Assistant Attorney General* (*Robert Y. Button, Attorney General,* on brief), for the Commonwealth.

GORDON, J., delivered the opinion of the court.

This is the last of four companion cases decided today, styled *Hammer* v. *Commonwealth.*

Hammer was charged in this case with rape of a sixteen-year-old girl in the city of Newport News on April 26, 1964. He pleaded not guilty and waived a jury upon advice of court-appointed counsel. The trial judge found Hammer guilty and sentenced him

to a term of forty years, the first thirty years to run concurrently with another sentence. He appeals from his conviction on several grounds.

The more troublesome questions raised on this appeal have been answered in the opinion in the first companion case. *Hammer* v. *Commonwealth* (Record No. 6154), 207 Va. 135, 148 S.E.2d 878. Defense counsel and the attorney for the Commonwealth, with the concurrence of the trial judge, stipulated that the evidence, rulings, objections and exceptions relating to those questions, as set forth in the transcript of the first companion case, should be applicable to this case.

Hammer gave an incriminating statement respecting this case to lieutenant F. L. Martin of the Newport News police force at 1:00 p.m. on May 14, 1964. The judge admitted this statement as evidence against him at his trial. We hold, for reasons set forth in the opinion in the first companion case, that the statement was improperly admitted because of the uncontradicted evidence concerning a threat made by chief Peach of the Newport News police force.

We reject the arguments that we should hold Hammer's incriminating statement inadmissible on other grounds, and that he was deprived of his constitutional rights because he had no preliminary hearing or because he did not receive copies of the warrants issued against him. Again, the reasons are set forth in the opinion in the first companion case.

Defense counsel raise only two other issues. First, counsel argue we should enter final judgment dismissing the charge against Hammer in this case. They say that without the incriminating statement the evidence was insufficient to prove guilt beyond a reasonable doubt. Secondly, they argue that the trial judge improperly refused their motion that he disqualify himself in this case.

The prosecutrix in this case was also the prosecutrix in the second of these companion cases. Hammer was convicted in that case of attempting to rape her on April 16, 1964. *Hammer* v. *Commonwealth* (Record No. 6155), 207 Va. 159, 148 S.E.2d 892 (1966). In this case he was convicted of raping her on April 26, 1964.

On the evening of April 26, the prosecutrix and her nine-year-old sister were visiting their grandmother in the Hilton Village section of Newport News. The grandmother was in bed; she had recently suffered a stroke. Her apartment was located on the third floor of a house, and only the two grandchildren were with her that evening. The occupants of the first two floors were not at home.

The prosecutrix heard the doorbell and went to the front door on the first floor to answer it. She found no one at the door, but after she closed the door and turned around she saw a man standing in the hallway. He was wearing a blue hooded sweatshirt. He had a handkerchief across his face and a knife in his hand. The intruder asked whether she remembered him, and she told him she did. (See *Hammer* v. *Commonwealth* (Record No. 6155), *supra*, for a description of the prosecutrix' previous encounter with the intruder, when she was "baby-sitting" in another home.)

The intruder asked the prosecutrix who was there with her. She told him her mother and father were there. He said "don't lie to me." Since she was afraid "[b]ecause he had a knife", she admitted "they're not".

The intruder then placed his hand on the prosecutrix' shoulder, pointed his knife at her, and took her into the den on the first floor. "[H]e told me [the prosecutrix] to take off my slacks and pants and to get down on the floor". Then, the prosecutrix testified, "he got down on top of me and put his penis in my vagina". She said it hurt "[f]or a while". She did not cry out because "my sister was there and—I didn't want anything to happen to her".

After the assailant had been on top of her for "[a]bout a minute or two", they heard a sound made by her sister, who had come downstairs. The assailant then stood up. The sister called the prosecutrix, and she went to the door, which was "just cracked". The assailant stood behind the prosecutrix "with a knife right on the other side of me". She told her sister she "was being excused" (a bathroom adjoined the den), and that she "would be up in a minute". Her sister apparently went back upstairs.

The assailant then took the prosecutrix into the bathroom, which adjoined the den. He "told me to get down on the floor". Again "[h]e got down on top of me and put his penis in my vagina". The prosecutrix testified that she did not submit to the intruder's desires willingly on either occasion that night, but submitted because she was "scared".

Hammer had been on top of the prosecutrix the second time "[f]or about a minute or two", when the prosecutrix heard the sound of a door being shut. At this sound the assailant got up and left the house through the back door. The prosecutrix called her mother by telephone, the incident was reported to the police and the prosecutrix was examined by a physician.

The physician found a fresh tear or laceration of the prosecutrix' hymen, when he examined her on the night of April 26. He found no evidence of sperm.

The prosecutrix saw and recognized the assailant when he was walking along a street during the afternoon of May 12, and she identified him at police headquarters after his arrest that night. (See *Hammer v. Commonwealth* (Record No. 6155), *supra.*) The prosecutrix testified positively that Hammer was the person who assailed her on the night of April 26. On the witness stand, Hammer denied he had ever seen the prosecutrix before he saw her at police headquarters after his arrest on May 12.

Counsels' arguments on the sufficiency of the evidence are similar to those made in the second companion case (*Hammer v. Commonwealth* (Record No. 6155), *supra*), except that in this case they omit the argument that Hammer was not sufficiently identified as the intruder. But the evidence that has been outlined, omitting the incriminating statement, was clearly sufficient to prove that Hammer penetrated the prosecutrix against her will, by force. The evidence therefore sustained the conviction of rape. As in the companion cases, counsels' arguments on the sufficiency of the evidence have been foreclosed by the verdict of the trial judge who sat without a jury.

Lastly, counsel urge that the trial judge should have disqualified himself in this case because he made a certain remark relating to this case during the trial of a companion case. However, we need not pass on this question because the case will be remanded for a new trial. As stated in the third paragraph of this opinion, Hammer's incriminating statement was improperly admitted in evidence at the first trial.

*Reversed and remanded.*

EGGLESTON, C. J., and I'ANSON, J., concur in result

SPRATLEY, J., concurs in result for reasons set forth in a separate opinion.

CARRICO, J., dissents for reasons set forth in a separate opinion.

CARRICO, J., dissenting.

I dissent for the reasons assigned in my dissenting opinion in Record No. 6154.